UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAMANMALI VEERATUNGE,

                                     Plaintiff,

      -against-

MIDLAND FUNDING, LLC; DISCOVER BANK,
FIA CARD SERVICES; EQUITABLE ASSET
FINANCIAL, ET. AL.

                                  Defendants.
------------------------------------------------------------x

Civil Docket No.:
14-cv-5969

**NOTICE OF REMOVAL**

TO: UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

      PLEASE TAKE NOTICE that defendant, MIDLAND FUNDING, LLC, ("Midland"), by and through its attorneys, hereby removes this case from the Supreme Court of the State of New York, County of Queens, and in support thereof avers, under the penalties of perjury, as follows:

      1.    A civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.  28 U.S.C. § 1441(a).

      2.    28 U.S.C. § 1446 requires that a defendant desirous of removing a civil action file a notice of removal together with a copy of all process, pleadings, and orders served upon such defendant, within thirty (30) days.  28 U.S.C. § 1446(a) and (b).

**<u>RELEVANT PROCEDURAL HISTORY</u>**

      3.    A civil action was commenced by the plaintiff against Midland in the Supreme Court of the State of New York, County of Queens, Index No. 13026/2014.

      4.    A Complaint setting forth the nature of the allegations was filed with the Supreme Court of the State of New York, County of Queens, on or about September 2,

2014.  Annexed hereto without admitting to the allegations contained therein is a true and accurate copy of the Summons and Complaint as **Exhibit "A."**

5.     On September 22, 2014, Plaintiff served the Summons and Complaint on Midland through service upon Corporation Service Company.  A copy of the service notification from Corporation Service Company is annexed hereto as **Exhibit "B."**

<u>**GROUNDS FOR REMOVAL**</u>

6.     The grounds for removal are based upon the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331, which states that district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

7.     Plaintiff's Complaint alleges that the defendants violated the U.S. Constitution, including the Due Process Clause of the Fourteenth Amendment, by placing liens upon her property located at 111-21, 120th Street, So. Ozone Park, NY 11420, of which she is a fifty percent owner, without notice, due to several judgments taken against Hermachandra Perera, who owns the other fifty percent of the property.

8.     Plaintiff's Complaint alleges that the defendants obtained a total of six judgments against Hermachandra Perera, to whom Plaintiff is not married, but who owns fifty percent of her residence located at 111-21, 120th Street, So. Ozone Park, NY 11420. **(Ex. "A" ¶¶ 2-4, 6-12).**   Plaintiff owns the other fifty percent. **(Ex. "A" ¶ 2).**      Plaintiff alleges that, as a result of the judgments obtained against Hermachandra Perera, the defendants placed liens upon this property. **(Ex. "A" ¶ 14).**      Plaintiff is therefore allegedly unable to make payments on the mortgage until the liens are resolved. **(Ex. "A" ¶ 14).**  As a result of the liens, the property is undergoing foreclosure proceedings. **(Ex. "A" ¶ 16).**  Plaintiff alleges that the defendants violated the Due Process Clause of the

2

Fourteenth Amendment of the United States Constitution as well as the State Constitution by failing to inform Plaintiff before placing liens on the property arising out of the above-noted judgments against the other fifty percent owner, Hermachandra Perera.  (**Ex. "A"** ¶¶ **18-19).**

9.      Plaintiff claims damages in the amount of two million five hundred thousand dollars ($2,500,000.00).

10.     Additional grounds for removal are also based upon 28 U.S.C. § 1332, which allows this Court to hear matters based upon diversity of citizenship of the parties.

11.     Plaintiff's Complaint alleges that Plaintiff is a resident of Queens County, New York.   (**Ex. "A" at Summons and ¶ 1 of the Complaint**).

12.     Midland is a limited liability company duly existing under and by virtue of the laws of the State of Delaware with a principal place of business located at 8875 Aero Drive, Suite 200, San Diego, CA 92123.  Each and every constituent member of Midland Funding, LLC is a domiciliary of California, and no member has a principle place of business in New York.

13.      Upon information and belief, Discover Bank is a corporation duly existing under and by virtue of the laws of the State of Delaware with a principal place of business located at 12 Read's Way, New Castle, Delaware 19720.

14.     Upon information and belief, FIA Card Services, N.A. is a corporation duly existing under and by virtue of the laws of the State of Delaware with a principal place of business located at 1100 North King Street, Wilmington, DE 19884.

15.     Upon information and belief, Equable Ascent Financial, LLC (sic) is a limited liability company duly existing under and by virtue of the laws of the State of Delaware with a principal place of business located at 160 N. Franklin, Chicago, Illinois 60606.

16.     Therefore, no defendant is a citizen of New York.

17.     Although Midland denies the allegations in the Complaint, the amount in controversy claimed in the class action complaint clearly exceeds the sum of $75,000.00, exclusive of interest and costs, for purposes of establishing diversity jurisdiction.

18.     To date, no defendant has appeared in the action pending in the Supreme Court, Queens County.  Based upon the affidavits of service filed with the Court, no defendant, other than Midland, has been properly joined and served in the action.[1]

## CONCLUSION

19.     Removal of this action to the United States District Court is proper under 28 U.S.C. § 1441, because the civil action arises under the Constitution of the United States and laws of the United States, and also because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and because there is complete diversity of citizenship between the plaintiff and the defendants.  The United States District Court would, therefore, have had original jurisdiction over this matter under both 28 U.S.C. § 1331  and 28 U.S.C. § 1332 had the action been brought in federal court originally.

20.     Written notice of the filing of this Notice of Removal is being served upon all adverse parties in accordance with 28 U.S.C. § 1446(d).

---

[1] Three affidavits of service have been filed in the Supreme Court, Queens County.  Although the affidavits do not indicate the defendants that were intended to be served, at least two appear to pertain to service upon Midland based upon the address of Midland's principle office in San Diego California and the address of Corporation Service Company, located at 1180 Avenue of the Americas, New York, New York, through which Midland received service in this case.  The third affidavit of service indicates service upon the law firm, Cohen & Slamowitz, LLP (C & S).  This alleged service upon C & S is improper as C& S is not a party to this action and is not representing any of the defendants in this action.  Based upon a conversation with the office of C & S, it has no record of this case.  It is likely that C & S was intended to be served since C&S served as counsel for Discover Bank and Midland in two of the collection actions which allegedly resulted in the judgments against Hermachandra Perera, of which Plaintiff complains in this case.  Other than what is noted above, there is no other indication of service, improper or otherwise, on any of the other defendants other than Midland.  The affidavits of service filed in the Supreme Court, Queens County are annexed as **Exhibit "C"**.

21.    Promptly after the filing of this Notice with this Court and the assignment of a civil docket number, a copy of this Notice will be filed with the Supreme Court of the State of New York, County of Queens, in accordance with 28 U.S.C. § 1446(d).

22.    By filing this Notice of Removal, Midland does not waive any defenses, including without limitation, lack of personal jurisdiction, improper venue or forum, failure to establish damages, all defenses specified in Fed. R. Civ. P. 12, or any other defenses.

WHEREFORE, the defendant, MIDLAND FUNDING, LLC, hereby gives notice that the above-referenced action now pending against it in the Supreme Court of the State of New York, County of Queens, has been removed therefrom to this Court.

Dated:       New York, New York
             October 13, 2014


                              Yours, etc.,

                              Marshall, Dennehey, Warner,
                              Coleman & Goggin


                              By:_____/s/_____
                                    R. David Lane Jr. (RL 2806)
                              Attorneys for Defendant
                              *MIDLAND FUNDING, LLC*
                              Wall Street Plaza
                              88 Pine Street, 21st Floor
                              New York, New York  10005
                              (212) 376-6400
                              Rdlane@mdwcg.com


TO:    Samanmali Veeratunge
       111-21, 120th Street
       So. Ozone Park, NY 11420
       Plaintiff

Discover Bank
2500 Lake Cook Road
Riverwoods, Illinois 60015

FIA Card Services, N.A.
655 Paper Mill Rd.
Newark, DE  19711

Equable Ascent Financial, LLC
160 N. Franklin, 3rd Floor
Chicago, Illinois, 60606