SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: CIVIL TERM

-----------------------------------------------------------------

Samanmali Veeratunge,

                                Plaintiff,

                                                                          Index No. 13026/2014
    -against-                                                             Date Index No.
                                                                          Purchased: 9/02/2014

Midland Fundings, LLC; Discover Bank: FIA Card Services;
Equitable Asset Financial, et al.                        ***Jury Trial Demanded***

                                                     Respondents.       ***SUMMONS***

-----------------------------------------------------------------

To the above named respondents;

      **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the complaint of the plaintiff herein and to serve a copy of your answer on the plaintiff at the address indicated below within 20 days after the service of this Summons or within 30 days after service is completed if the Summons is not delivered personally to you within the state of New York.

      **PLEASE TAKE FURTHER NOTICE, THAT** should you failed to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: September 1, 2014.

                                                           Respecifully,

                                                           Samanmali Veeratunge, Plaintiff.
                                                           111-21, 120th street
                                                           So. Ozone Park, NY 11420

**VENUE:** Plaintiff designate Queens County as the place of trial. The basis of this designation is, Plaintiff residence is in Queens County, and Respondent maintains business in Queens County.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: CIVIL TERM
-----------------------------------------------------------------

Samanmali Veeratunge,

                          Plaintiff,

                                              Index No. 13026/2014
                                              Date Index No.
    -against-                                 Purchased: 9/02/2014

Midland Fundings, LLC; Discover Bank: FIA Card Services;
Equitable Asset Financial, et al.                              *COMPLAINT*

                                              Respondents.
-----------------------------------------------------------------

TO THE SUPREME COURT OF THE STATE OF NEW YORK;

Plaintiffs complaint respectfully shows and alleges the following:

1. The plaintiff herein, Samanmali Veeratunge is a resident of the state of New York, and resides at 111-21, 120th street, So. Ozone Park, NY 11420.

2. The plaintiff herein, Samanmali Veeratunge is fifty percent actual owner of her residence at 111-21, 120th street, So. Ozone Park, NY 11420.

3. Mr. Hemachandra Perera, is the actual fifty percent actual owner of 111-21, 120th street, So. Ozone Park, NY 11420.

4. Mr. Hemachandra Perera is not married to Plaintiff, nor is there any marital relationship.

5. The respondents herein are all financial institution doing business in Queens New York.

6. On or about April 15, 2011, and upon information and belief, respondent Midland Funding, LLC obtain judgment CV13677810 against Hemachandra Perera for an approximate amount of over four thousand five hundred dollars.

7. On or about May 1, 2011 and upon information and belief, respondent Discovery Bank obtain judgment CV00037911 against Hemachandra Perera for an approximate amount of over four thousand two hundred dollars.

8. On or about June 30, 2011 and upon information and belief, respondent FIA Card Services obtain judgment CV03007811 against Hemachandra Perera for an approximate amount of over nine thousand nine hundred dollars.

9. On or about November 1, 2011 and upon information and belief, respondent Equitable Asset Financial obtain judgment CV10914810 against Hemachandra Perera for an approximate amount of over three thousand dollars.

10. On or about March 26, 2012 and upon information and belief, respondent FIA Card Services again obtain another judgment CV03047811 against Hemachandra Perera for an approximate amount of over ten thousand dollars.

11. On or about September 17, 2012, and upon information and belief, respondent Midland Fundings LLC, again obtain judgment CV01036112 against Hemachandra Perera for an approximate amount of over five thousand six hundred dollars.

12. In total there is belief to be six judgment all obtained by respondent herein against Hemachandra Perera, whom is fifty percent owner of 111-21, 120th street in So. Ozone Park, NY 11420.

13. Upon information and belief, there is an outstanding mortgage on this property, held by Wells Fargo Bank.

14. Upon information and belief, plaintiff believes that there are liens place on the property, due to the fact that upon making a mortgage payment the bank instructed the teller not to accept payment from plaintiff for the mortgage until the matter were to be resolved.

15. Since that time the mortgage payment have been set aside in an account for the purpose or submitting payment to the mortgage bank.

16. It is the contention of plaintiff that because respondents action of placing these liens on her property, the property now is under foreclosure proceedings.

17. Plaintiff belief that this act of respondents has cause her irreparable damages in a cense that plaintiff has no place to go if foreclosure was to actually take place, and she would actually have to go to a shelter with her only son to survive this ordeal.

18. Plaintiff has tried to settle this matter to no avail, however, plaintiff belief that the action of respondent can not go forward as it violate constitutional mandate, that of the fourteen amendment to the constitution. A person should not be deprived of life, liberty or property without due process of law.

19. Respondents herein obtain judgment and placed lien on property but they all failed to informed plaintiff of their action of placing liens against her property as required by the state and federal constitution.

20. No notice was ever given to plaintiff of these liens. No notice was ever given to plaintiff by respondents

21. Plaintiff believes that these liens should be removed and respondent should be held responsible for their action.

22. The emotional distress that this has cause plaintiff is un bearable and for such respondent should be held liable.

23. Plaintiff believes that she should not be required to be held liable for someone else's action.

**WHEREFORE,** for the foregoing reasons stated above respondent should be held liable for their action, plaintiff ask this Court to order respondent to removed those liens of her property because they violate the provision of due process of law, as no notice was ever given to plaintiff, further plaintiff ask this Court to order respondent to pay plaintiff two million five hundred thousand dollars for punitive damages ($2,500.000), and for any other and further relief as this Court may deem just and proper.

Dated: Sep 7, 2014.

Respectfully,

Samanmali Veeratunge

Samanmali Veeratunge, Plaintiff.

# VERIFICATION

State of New York)

County of Queens), ss:

I, Samanmali Veeratunge, after being duly sworn to depose and says that;

I am the plaintiff and state that this Summons and Complaint and the content therein are true based upon what I understand to be true and to any matters submitted upon information and belief, I believe them to be true.

Date: _September 1_, 2014.

Respectfully Submitted,

_Samanmali Veeratunge_

Samanmali Veeratunge, Plaintiff.
111-21, 120th street
So. Ozone Park, NY 11420

Sworn to before me this

_1st_ day of _September_, 2014.

_____
NOTARY PUBLIC

```
AMARJEET S MULTANI
Notary Public, State of New York
No. 01MU6103749
Qualified In Queens County
Commission Expires January 12, 2016
```